IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

THE UNITED OIL COMPANY, INC.   *

    Plaintiff,             *

v.                        *    CIVIL NO: WDQ-03-2949

PARTS ASSOCIATES, INC., and  *
ROHM AND HAAS COMPANY,
                      *

    Defendant.

                      *

*   *   *   *   *   *   *   *   *   *   *   *   *   *

Memorandum Opinion

United Oil has sued Rohm and Haas Company ("Rohm") for indemnification and contribution for damages paid to Jerry and Pamela Tiede.  Pending are Rohm's motions for summary judgment, to strike United Oil's rebuttal expert designation, to exclude the testimony of Kenneth Brown, M.D., and to strike United Oil's miscellaneous correspondence.

For the following reasons, Rohm's motion for summary judgment will be granted.  Rohm's motions to strike United Oil's rebuttal expert designation, to exclude Dr. Brown's testimony and to strike United Oil's miscellaneous correspondence will be denied as moot.

I.  Background

In December, 2000, the Tiedes sued United Oil for Mr. Tiede's liver damage from his exposure to dyed hydraulic oil

while working at Johnson Crane between 1994 and 1998.  Compl., ¶
8.

United Oil, a manufacturer and distributor of industrial
oils and lubricants, supplied Johnson Crane with a variety of
industrial products, including dyed hydraulic oil.  Croke Dep.,
pp. 8; Tiede Dep., 72-73.  The dyes used by United Oil were
manufactured and supplied by Morton International, which Rohm
acquired in 1999.  Liming Dep., p. 13, 16.

Rohm shipped its dyes in five-gallon buckets containing 40
pounds of dye.  *Id* at p. 53.  Warning labels were affixed to each
bucket, and a Material Safety Data Sheet (MSDS) was included in
each shipment.  *Id* at pp. 53-54, 58.  The MSDS and the label
warned that the dyes posed a danger of liver damage and
instructed users to wear protective equipment during handling.
Def. Mot. for Summary Judgment, Ex. G, H.

United Oil typically mixed the dye and hydraulic oil at
Johnson Crane.  Plaint. Am. Answers to Def's Second Set of
Interrogatories, ¶ 9.  As only four ounces of dye were needed per
275 gallons of oil, United Oil employees repackaged the dyes into
small plastic bottles, which the United Oil driver would pour
into Johnson Crane's oil storage tank.  *Id.*  Occasionally,
however, United Oil delivered only the repackaged dye, and
Johnson Crane employees, including Mr. Tiede, prepared the dyed-
oil mixture.  Plaint. Am. Resp. to Rohm's First Set of Requests

for Admission, ¶ 4.   United Oil did not provide Mr. Tiede or Johnson Crane the MSDS or warn them about the dangers posed by the dye.   *Id*.   Mr. Tiede wore no protective clothing when handling the dye, and the dye occasionally came in contact with his skin.   Tiede Dep., pp. 91,92, 111-112, 124, 126.

In February 2003, United Oil agreed to pay the Tiedes $820,098.89 in exchange for a settlement agreement.   Compl. ¶ 12. United Oil now seeks indemnification and contribution from Rohm, arguing that Rohm is liable for Mr. Tiede's injuries because it failed to adequately warn him of the danger posed by exposure to its products.


II.  Rohm's Motion for Summary Judgment

Rohm has moved for summary judgment arguing that its was not liable for Mr. Tiede's injuries, and, therefore, cannot be liable to United Oil for indemnification.   Specifically, Rohm argues that: 1) United Oil cannot prove that Rohm's warnings were inadequate; 2) United Oil cannot establish that Rohm's dyes caused Mr. Tiede's injuries; 3) Rohm's warnings were adequate; 4) United Oil failed to relay Rohm's warnings to Mr. Tiede; and 5) United Oil substantially changed Rohm's product, thereby relieving Rohm of liability.

A.   Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing party must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

4

B.   United Oil's Failure to Provide Rohm's Warning to Mr. Tiede

To prove that Rohm is liable for its failure to warn, United Oil must show: 1) Rohm owed a duty to warn; 2) Rohm breached that duty; 3) there was a direct causal connection between Rohm's failure to warn and; 4) Mr. Tiede's injury. *Christian v. Minnesota Min. & Mfg. Co.*, 126 F.Supp.2d 951 (D.Md. 2001); *Wells v. Ford Motor Company,* 2001 WL 1262223, slip op. (D.Md. 2001); *Higgins v. Diversey Corporation,* 998 F.Supp. 598 (D.Md. 1997); *Mazda Motor of America v. Rogowski,* 105 Md.App. 318 (1995).

Rohm argues, *inter alia,* that even assuming Rohm's warnings were inadequate, United Oil cannot establish Rohm's liability because United Oil did not relay Rohm's warnings to Mr. Tiede or his employer.  United Oil argues that although it did not relay Rohm's warnings, Maryland law presumes that an adequate warning will be read and heeded, and therefore the missing warnings were a direct cause of Mr. Tiede's injuries.

It is undisputed that Rohm warned users about the dangers of its products.  Rohm's dyes were shipped to United Oil in five gallon buckets with a warning label.  Liming Dep., p. 58; Weinckowski Dep., p. 121.  The label warned that the dyes "contain material which can cause damage to the following target organs: liver, kidneys...."  Def. Mot. for Summary Judgment, Ex. H.  The label also instructed users to "wear protective clothing and appropriate impervious gloves" and "NIOSH/MSHA approved

respiratory protection."

Rohm also included a Material Safety Data Sheet (MSDS) with each shipment of its dyes.[1]  Liming Dep., pp. 54-55.  The MSDSs provided by Rohm from 1994 to 1998 identify the liver as a target organ for chronic effects and warned that liver conditions could be aggravated by exposure.  Def. Mot. for Summary Judgment, Ex. G.  The MSDS also directed users to wear protective clothing, impervious gloves, splash goggles and NIOSH/MSHA approved respirators.  *Id.*

Rohm's warnings, however, were not relayed to Johnson Crane or Mr. Tiede.  United Oil admits that it did not provide Johnson Crane or Mr. Tiede with the MSDSs for the Rohm dyes, Plaint. Amended Resp. to Rohm's First Set of Requests for Admission, ¶ 4, and it is undisputed that United Oil repackaged Rohm's dyes into small plastic bottles that lacked Rohm's warning label.  Tiede Dep., p. 106, 108-109.  There is no evidence that United Oil employees ever warned Mr. Tiede or Johnson Crane about the dangers posed by the dyes.

Under Maryland law it is presumed that a plaintiff would have heeded an adequate warning if it had been given to him or his employer.  *Ferebee v. Chevron Chemical Co.,* 736 F.2d 1529

---

[1] Material Safety Data Sheets are required by the Occupational Safety and Health Administration (OSHA).  A MSDS is intended to communicate the nature of the chemical and direct users in its safe handling.  29 CFR § 1910.1200.

(D.C. Cir. 1984)(Maryland law required "only that someone in the workplace read the [warning], not that [the plaintiff] personally had read it"); *U.S. Gypsum Co. v. Mayor and City Council of Baltimore*, 336 Md. 145 (1994); *Eagle-Picher Industries, Inc. v. Balbos,* 326 Md. 179 (1992)("direct evidence that plaintiff's decedent would have heeded adequate warnings was not an essential element of the Plaintiff's case").  Accordingly, a plaintiff need not prove he would have read and followed an adequate warning to establish that the defendants' inadequate warning proximately caused his injury.

Had United Oil relayed Rohm's warnings, United Oil would not have to prove that Mr. Tiede would have read an adequate warning.  However, as United Oil failed to relay any warning to Mr. Tiede or Johnson Crane, an adequate warning could not have been given.  Therefore, the adequacy of Rohm's warning is irrelevant, and there can be no causal connection between Rohm's warning and Mr. Tiede's subsequent injury.

As a result, Rohm cannot be liable for Mr. Tiede's injuries, and, therefore, cannot be liable to United Oil for indemnification or contribution.  Accordingly, Rohm's motion for summary judgment will be granted.


III.  Remaining Motions

As Rohm's motion for summary judgment will be granted,

Rohm's motions to strike United Oil's rebuttal expert

designation, to exclude the testimony of Dr. Brown, and to strike

United Oil's miscellaneous correspondence will be denied as moot.


<u>January 4, 2006</u>                     _____/s/_____
Date                               William D. Quarles, Jr.
                                   United States District Judge

8